Whaley, Judge,
delivered the opinion of the court:
This is a claim of a retired enlisted man of the United States Navy for ten percent increase in retainer and retired pay allowed men whose average mark in conduct for twenty years or more of active service is not less than ninety-five percent of the maximum, as provided for under Section 26 of the act of February 28, 1925. 43 Stat. 1080, 1087, 1088.
The facts show that the plaintiff enlisted in the United States Navy on January 23, 1900, and served until July 4, 1907, when he deserted. After apprehension he was brought to trial before a General Court Martial and convicted of the crime of desertion. After serving sentence he was dishonorably discharged from the Navy. On July 22, 1909, he was given a full and unconditional pardon by the President of the United States. Thereafter, on November 4, 1909, he again enlisted in the Navy and served through successive terms of enlistment until March 31, 1922, when he was transferred to the Fleet Naval Reserve. At the time of Ms transfer he was credited with twenty years’ service in the United States Navy. On August 1, 1932, having completed tMrty years’ service, including active service in the Navy and the time in the Fleet Naval Reserve, he was transferred to the retired list.
Conduct marks were given to plaintiff during Ms active naval service. However, no conduct marks were actually placed on his record during the period July 4,1907, to March 16,1908. The Navy Department, in computing the average *605 of Ms conduct marks during the entire period of his active Daval service, used a mark of zero for that period. With the mark of zero for that period, Ms conduct mark for the entire period of active service would be below ninety-five percent of the maximum one hundred percent. Without this zero mark for that period, plaintiff’s average conduct would be ninety-five percent.
The sole question in this case is the effect of the full and unconditional pardon granted by the President for the period during which plaintiff was incarcerated under the sentence of the General Court-Martial. The law is well settled that where an unconditional pardon has been granted it gives a new credit and capacity, blots out the existing guilt, and makes the victim as innocent as if he had never committed the offense. It has the effect of obliterating the offense itself although it can not remove the fact that the sentence has been served, nor does it give the party the right to compensation for the time served. It does, however, rehabilitate with new credit to the extent that he is restored to his former position.
The facts show that the Navy Department did not place a mark against plaintiff’s record during the period he served the sentence. It was not until the computation of Ms conduct record, when he was transferred to the Fleet Naval Keserve, that a zero mark was used at all. This was after the unconditional pardon had been granted to plaintiff and was justified solely on the ground that it was the practice of the Navy Department. TMs action was without the sanction of law and without taking into consideration the legal effect of an unconditional pardon. To justify it would be to deny “that benign prerogative of mercy which lies in the pardoning power.” Austin v. United States, 155 U. S. 417, 425.
In Knote v. United States, 95 U. S. 149, 153, the Supreme Court holds:
A pardon is an act of grace by which an offender is released from the consequences of his offence, so far as such release is practicable and within control of the pardoMng power, or of officers under its direction. It releases the offender from all disabilities imposed by the offence, and restores to him all his civil rights. In *606 contemplation of law, it so far blots out the offence, that afterwards it can not be imputed to him to prevent the assertion of his legal rights. _ It gives to him a new credit and capacity, and rehabilitates him to that extent in his former position.
The action of the Navy Department in using the zero mark during the period plaintiff was serving sentence was legally unwarranted and the plaintiff is entitled to have his conduct during the entire period of his service computed without any mark during this period. The record shows that, without a zero mark during this period, plaintiff’s average mark for conduct would be ninety-five percent which would entitle him to the ten percent increase in retired pay provided by the act of February 28, 1925, sufra.
Plaintiff is entitled to recover. This being a continuing claim, entry of judgment will be suspended pending the filing of a report from the General Accounting Office showing the amount due the plaintiff to the date of judgment. It is so ordered.
Williams, Judge; Littleton, Judge; GREEN, Judge; and Booth, OMef Justice, concur.